UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEREMY NICHOLS<br>1536 Wynkoop, Suite B501<br>Denver, CO 80202,<br><br>        Plaintiff,<br><br>v.<br><br>STEPHEN L. JOHNSON<br>Administrator<br>United States Environmental Protection Agency<br>Ariel Ross Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

I. INTRODUCTION

1.      Plaintiff JEREMY NICHOLS challenges the failure of Defendant STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA") to perform a mandatory duty required by the Clean Air Act, 42 U.S.C. §§ 7401-7671q.  Specifically, the Clean Air Act establishes a mandatory 60-day deadline for Defendant to respond to a citizen petition for an objection to a Clean Air Act Title V permit. Defendant has failed to meet this deadline with respect to a citizen petition filed by Plaintiff regarding a Title V permit issued by the Air Pollution Control Division of the Colorado Department of Public Health and Environment to the Colorado Interstate Gas Company's Latigo

1

Compressor Station (Permit No. 95OPAR037).  To protect his interests and the interests of his family members who breathe the harmful air pollution emitted by Latigo Compressor Station Plaintiff brings this action to ensure that Latigo Compressor Station will not emit pollution in excess of what the Clean Air Act allows.

## II. JURISDICTION, VENUE, AND NOTICE

2. This is a Clean Air Act citizen suit.  Thus, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

3. This Court has authority to award the relief sought pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. §§ 2201 (declaratory relief) and 2202 (injunctive relief), and 5 U.S.C. §§ 705, 706.

4. The acts and omissions allegedly giving rise to the claims in this case occurred in the District of Columbia.  Furthermore, Defendant Stephen L. Johnson officially resides in the District of Columbia.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) and (2).

5. As required by the Clean Air Act, 42 U.S.C. § 7604(b)(2), on September 7, 2005, Plaintiff mailed to Defendant written notice of intent to sue regarding the violations alleged in this Complaint.  More than sixty days have passed since Plaintiff mailed this notice of intent to sue letter.  Defendant has not acted to remedy the violations alleged in this Complaint.  Therefore, a present and actual controversy exists between the parties.

III. PARTIES

6.      Plaintiff JEREMY NICHOLS is a resident of Denver, Colorado, an avid bicycle rider, outdoor enthusiast, and father of a three year old son, who is deeply concerned about air quality in the Front Range Region of North-Central Colorado and its effects on the health and welfare of people, plants, and animals.

7.      Mr. Nichols is adversely affected by Defendant's failure to respond to his petition. Air quality in the Denver area is influenced by facilities like Latigo Compressor Station. Latigo Compressor Station threatens to adversely affect the air that Mr. Nichols and his son breathe by releasing hazardous air pollutants, volatile organic compounds, and other pollutants that the EPA identifies as threats to human health and welfare. Mr. Nichols' interest in protecting the air that he and his son breathe, in bicycling and recreating in a healthy environment, and in protecting clean air for other people, plants, and animals are adversely affected by EPA's failure to timely respond to his petition. Moreover, if the Latigo Compressor Station Title V permit does not comply with the Clean Air Act, Mr. Nichols will be exposed to pollutants from that facility which are in excess of legal levels. Defendant's failure to respond thus prevents Mr. Nichols from being certain that the Latigo Compressor Station Title V permit protects him from exposure to pollutants emitted by that facility which are in excess of legal limits.

8.      For the foregoing reasons, Defendant's failure to respond to Plaintiff's petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiff injuries for which he has no adequate remedy at law.

9.      Defendant STEPHEN L. JOHNSON is the Administrator of the United States Environmental Protection Agency ("EPA"). In that role Administrator Johnson has been

charged by Congress with the duty to respond to citizen petitions for objection to Title V permits.

## IV. CLEAN AIR ACT REQUIREMENTS

10.     The Clean Air Act ("CAA") aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the CAA created an operating permit program that applies to all major sources of air pollution – the Title V permit program. See 42 U.S.C. §§ 7661-7661f.

11.     A primary purpose of the Title V permitting program is to reduce violations of air pollution laws and improve enforcement of those laws by recording in one document all of the air pollution control requirements that apply to a source of emissions. See EPA, Air Permits: Basic Facts, at http://www.epa.gov/oar/oaqps/permits/index.html. Major sources of air pollution cannot discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

12.     The CAA provides that the Administrator of EPA may approve states' programs to administer the Title V permit program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The State of Colorado has been approved by the Administrator to administer the Title V permit program with respect to facilities in Colorado. 65 Fed. Reg. 49,919 (Aug. 16, 2000). The Air Pollution Control Division of the Colorado Department of Public Health and Environment ("Colorado APCD") is the agency responsible for issuing Title V operating permits in Colorado.

13. Before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward the proposed Title V permit to EPA. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days to review the proposed permit and must object to the issuance of the permit if it finds that the permit does not comply with all applicable provisions of the CAA. 42 U.S.C. § 7661d(b)(1).

14. If EPA does not object to the proposed Title V permit during the agency's 45-day review period, "any person may petition the Administrator within 60 days after the expiration of the 45-day review period" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2).

15. Once it receives a petition for objection to a proposed Title V permit, EPA must grant or deny that petition within 60 days. Id.

## V. THE LATIGO COMPRESSOR STATION PETITION

16. Colorado Interstate Gas Company's Latigo Compressor Station is a natural gas processing and storage facility which compresses and stores natural gas in storage wells during an injection phase and processes, conditions, and compresses this gas back to the sales pipeline during a withdrawal phase. A number of large internal combustion engines are used to compress the natural gas during the injection phase and, if necessary, the withdrawal phase as well. During the withdrawal phase, an ethylene glycol dehydrator is used to separate water from the gas stream. The glycol/water mix is then sent to a glycol still where the water is boiled off.

17. Colorado APCD issued a draft Title V operating permit Latigo Compressor Station (Permit No. 95OPAR037) and granted the public a period to comment on this draft permit.

18.     Plaintiff submitted written comments on the proposed Latigo Compressor Station permit to Colorado APCD on March 26, 2005, which was within the comment period provided by Colorado APCD.

19.     Colorado APCD subsequently proposed the Latigo Compressor Station Title V permit to EPA, but did not fully address the concerns raised by Plaintiff in his comments on the draft permit.

20.     EPA did not object on its own initiative to the Latigo Compressor Station Title V permit during its 45-day review period.  This 45-day period expired on or around May 30, 2005.

21.     Pursuant to 42 U.S.C. § 7661d(b)(2), Plaintiff thus had until on or around July 29, 2005 to petition EPA for an objection to the permit.  EPA received Plaintiff's petition for an objection to the permit on no later than July 5, 2005.  Plaintiffs also provided copies of this petition to Colorado APCD and Colorado Interstate Gas Company, the owner and Title V permit holder of Latigo Compressor Station.

22.     The petition raised three issues with respect to the legality of the Latigo Compressor Station Title V permit, citing flaws in permit provisions governing emissions from both the internal combustion engines and ethylene glycol dehydrator and inadequacies in emissions monitoring requirements.  Each of Plaintiff's three arguments was raised with reasonable specificity in Plaintiff's comments to Colorado APCD during the initial public comment period.

23.     EPA had until no later than September 3, 2005 to grant or deny the Latigo Compressor Station petition.  42 U.S.C. § 7661d(b)(2).  However, EPA neither granted nor denied the petition within the statutory period.  EPA still has not granted or denied the petition as of today.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(CAA 42 U.S.C. 7661d(b)(2))

24. Each allegation set forth in the complaint is incorporated herein by reference.

25. The deadline under 42 U.S.C § 7661d(b)(2) for Defendant to respond to Plaintiff's petition for an objection to the Latigo Compressor Station Title V permit expired more than two months ago. Nonetheless, Defendant has failed to grant or deny the petition.

26. Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

### (ALTERNATIVE) SECOND CLAIM FOR RELIEF

(Administrative Procedure Act Section 706(1))

27. Each allegation set forth in the complaint is incorporated herein by reference.

28. The deadline under 42 U.S.C. § 7661d(b)(2) for Defendant to respond to Plaintiff's petition for an objection to the Latigo Compressor Station Title V permit expired more than two months ago. Nonetheless, Defendant has failed to grant or deny the petition.

29. Defendant's failure to grant or deny the petition constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act. 5 U.S.C. § 706(1).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A.      Declare that Defendant's failure to grant or deny Plaintiff's petition for an objection to the Latigo Compressor Station Title V permit constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2), 42 U.S.C. § 7604(a)(2), or in the alternative that it constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

B.      Order Defendant to grant or deny Plaintiff's petition for an objection to the Latigo Compressor Station Title V permit in accordance with expeditious deadlines prescribed by the Court.

C.      Retain jurisdiction of this action to ensure compliance with the Court's Order.

D.      Award plaintiffs the costs of litigation in this action, including attorney's fees. See 42 U.S.C. § 7604(d).

E.      Grant such other relief as the Court deems just and proper.

Respectfully submitted,

    /s/
Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Tel: (859) 986-5402
Fax: (859) 986-1299
E-mail: rukeiley@igc.org
Counsel for Plaintiff

Dated: November 14, 2005

8